

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Limited Inc v. Cigna Ins Co

Precedential or Non-Precedential:

Docket 1-2078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Limited Inc v. Cigna Ins Co" (2002). *2002 Decisions.* Paper 101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2078
_____

THE LIMITED, INC.;
BATH AND BODYWORKS, INC.,

Appellants,

v.

CIGNA INSURANCE COMPANY
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-03766)
District Judge:  The Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 22, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.

(Filed February 5, 2002)

_____

MEMORANDUM OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.
        The appellants, The Limited Inc., and Bath and Bodyworks, Inc.,
brought an
action for declaratory judgment against appellee, Cigna Insurance Company,
now known
as ACE USA Insurance Company, for insurance coverage under a policy that
appellants
had purchased from it.  The District Court granted summary judgment to the
defendant,

Cigna.  Appellants contend that the District Court erred, raising the six issues listed in
Section I below, taken from its brief.  We will affirm.

                              I.  ISSUES

1.      Did the District Court err in interpreting coverage under the terms of a
        Project Tampering and Accidental Contamination Insurance Policy by
        failing to give the policyholder, The Limited, the benefit of any reasonable
        interpretation of the provisions?
2.      Did the District Court err by failing to give proper weight to the evidence
        that the Food and Drug Administration, one of only two agencies authorized
        to conduct product recalls, required the recall of the Bath and Bodywork's
        product based on a finding that the product was "adulterated?"
3.      Did the District Court improperly make factual findings on cross-motions
        for summary judgment?
4.      Did the District Court fail to give adequate weight to the evidence of
        Cigna's bad faith?
5.      Did the District Court improperly deny The Limited the opportunity to take
        discovery on new, relevant matters that were not revealed until after the
        close of discovery?
6.      Did the District Court improperly deny The Limited's motion for
        reconsideration?

                              II.

        We need not discuss each issue.  Essentially, the facts are that The Limited
purchased a "Product Tampering and Accidental Contamination Policy" in which ACE
agreed to pay The Limited for "losses cased by or resulting from any product tampering
or accidental contamination of a covered product."  The policy contained definitions for
both "accidental contamination" and "covered product."  One of the products in the
personal care products line is known as "Foam Burst Moisturizing Body Wash."  It is a
fragrant flower gel that produces a cleansing lather when dispensed from its container and
exposed to water.  It is packaged under pressure and its contents are dispensed by
depressing a button on the canister.

        Appellants began receiving complaints from consumers that they had
suffered eye injuries resulting from their use of Foam Burst.  Apparently, the dispensing

mechanism or button allowed the product to get into their eyes, irritating them, and could not be simply washed away because water actuated further foaming. The Limited sought to recover from ACE under the aforementioned policy. ACE refused to pay and denied coverage for these losses.

The fundamental issue is legal: does this policy provide coverage under these facts? For appellant to meet its burden of proof in coverage for an "accidental contamination" it was required to establish under the terms and definitions of the policy: (1) an accidental or unintentional adulteration; (2) of a covered product; (3) that occurred while Foam Burst was being manufactured, produced, processed, prepared, packaged, or labeled; (4) by plaintiff or anyone acting on plaintiff's behalf with whom plaintiff had a written agreement.

It is apparent from an examination of the record that appellant's policy simply does not fit the loss it incurred here. The District Court painstakingly went through the various definitions, both in the contract and the general meaning of words not specifically defined by the contract, and it concluded that appellant had failed to demonstrate that the Foam Burst product was adulterated or accidentally contaminated under the provisions of the policy. We agree with the District Court that the plain language of the policy (and its title) indicates that the parties intended to have coverage only for those instances of actual product tampering and accidental contamination. This product performed as it was supposed to, but caused unintended injury, and had to be recalled much to appellant's financial detriment. Nonetheless, appellant's policy with Cigna simply does not cover this loss. We find no merit in the other issues raised by appellant and will affirm.

_____


TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge